**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JIMMY LEE KROFT,
D.O.C. # X25395,**

    **Plaintiff,**

**vs.**                                                      **Case No. 4:24-cv-324-WS-MAF**

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se prisoner, filed a civil rights complaint and motion to proceed in forma pauperis (IFP) on August 12, 2024 by mailbox rule. ECF Nos. 1, 2. The Court reviewed the IFP motion and found it to be insufficient due to questions surrounding his allegation of poverty. ECF No. 4. Plaintiff was allowed one opportunity to supplement his IFP motion with a financial affidavit, to be filed with the Court no later than September 19, 2024. Id. Alternatively, Plaintiff was allowed to submit the full $405.00 filing fee by the same date. Id. The deadline has since passed and nothing has been received from Plaintiff.

**I.    Background**

In his IFP motion, Plaintiff swore under penalty of perjury that he did not have any money in a checking or savings account and that he did not

own any "other" valuable property. ECF No. 2 at 2. His prisoner account statement showed a balance of zero dollars and a six-month average deposit balance of $22.85. Id. However, the Court noted that Plaintiff may not have provided a full account of his assets—and that it was not the first time he had been deceptive with the subject matter when filing for IFP status. ECF No. 4 at 1-2. The Court took judicial notice of three of Plaintiff's prior civil rights cases filed in the Middle District of Florida: Case No. 2:20-cv-396-JLB-NPM ("Case 1"); Case No. 2:22-cv-00725-JES-KCD ("Case 2"); and Case No. 2:22-cv-750-JLB-KCD ("Case 3"). Case 1 resulted in a six-figure settlement on October 31, 2022. Over the next three months, Plaintiff initiated Cases 2 and 3 and was granted IFP status in each. ECF No. 4 at 2. In both IFP motions, Plaintiff swore that he had no "sources of income, savings, or assets outside of" prison. Id.

After Plaintiff filed an amended complaint in Case 2 which mentioned (for the first time) the $142,500.00 settlement from Case 1, the Court in Cases 2 and 3 ordered Plaintiff to show cause why each should not be dismissed due to a willful misrepresentation to the Court. Id. at 2-3. Plaintiff failed to respond. Id. at 3. Both cases were dismissed in separate orders without prejudice pursuant to 28 U.S.C § 1915(e)(2)(A) and Plaintiff was explicitly "cautioned against requesting IFP status in future filings without

appropriate documentation and truthful representations." Id. (internal citations omitted). Plaintiff was ordered to pay the full filing fee in each case as a sanction, otherwise the dismissals would convert to being with prejudice. Plaintiff eventually paid the filing fees. Id.

In its prior order, this Court also noted that after the show cause deadline in Cases 2 and 3, Plaintiff apologized in several filings for "failing to inform the courts of his prior lawsuit settlement income." Id. He explained that he gave the money to his sister and "now understands that he errored in [not disclosing the money] and aims to correct his mistake." Id. This statement proved insincere when it came to the Northern District of Florida, however. That is because since making that statement, Plaintiff filed three civil rights cases here, applied for IFP status, and again failed to disclose his settlement income in his IFP motions.[1] Id. at 4.

## II.   Discussion

"[T]he Court shall dismiss the case at any time if [it] determines that…the allegation of poverty is untrue." 28 U.S.C § 1915(e)(2)(a). "The

---

[1] The instant case; 1:24-cv-99-MW-MJF; and 1:24-cv-100-AW-ZCB. In what should come as no surprise, both of the latter cases have pending reports recommending dismissal pursuant to 28 U.S.C §§ 1915(e)(2)(B) & 1915A(b)(1) as a malicious abuse of the judicial process, this time due to Plaintiff's failure to disclose his complete litigation history. See ECF Nos. 10, 9 of those cases (respectively). The disclosures were unrelated to the settlement income or the Middle District cases. Notably, Plaintiff responded to both Courts' orders to show cause on September 16, 2024—yet has chosen to remain silent in response to this Court's order. Plaintiff's silence here speaks volumes.

purpose of this provision is to weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." <u>Attwood v. Singletary</u>, 105 F.3d 610, 613 (11th Cir. 1997) (internal quotations omitted). Despite having two prior cases dismissed in 2023 for shielding his true assets, Plaintiff continues to misrepresent his financial position by claiming indigence in IFP motions without "attempting to demonstrate a change in circumstances that would render [a prior court's determination Plaintiff had substantial assets] no longer valid." <u>Dawson v. Lennon</u>, 797 F.2d 934, 935 (11th Cir. 1986). The Court must find his allegation of poverty to be untrue.

    Because Plaintiff has already been twice warned of this behavior and suffered consequences of dismissal without prejudice, it is abundantly clear that his decision to continue misrepresenting his financial situation under oath is done willfully, maliciously, and in bad faith. He knows he is required to truthfully disclose his assets, including the settlement funds. Yet he continues to perpetrate a fraud on the courts. This warrants dismissal with prejudice. <u>See</u> <u>Id.</u> (affirming dismissal with prejudice for false affidavit of poverty filed in bad faith); see also <u>Daker v. Commissioner, Ga. Dep't of Corr.</u>, 694 F. App'x 765, 766 (11th Cir. 2017) (same). Lesser sanctions would

not be appropriate given Plaintiff's history of abuse and pattern of willful misrepresentation.[2]

Further, Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989). The Eleventh Circuit has held that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Id.; see also Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (noting trial court's discretion and "inherent authority" to dismiss a case for failing to comply with a court order).

Here, the Court allowed Plaintiff an opportunity to clarify his IFP motion with "a financial affidavit [detailing] the amount of remaining settlement funds, even if such funds are being held for him by a family member outside of the prison banking system." ECF No. 4 at 4-5. Alternatively, Plaintiff was allowed to pay the filing fee in full if he wished to proceed with the case. Id. at 5. He was warned that failure to comply with the Court's order would result in a recommendation of dismissal. Id. As of this date, Plaintiff has failed to

---

[2] See Camp v. Oliver, 798 F.2d 434 (11th Cir 1986) (discussing how dismissals with prejudice should be "applied only after lesser sanctions are considered and found inadequate," including revoking [IFP] status, allowing time to pay the filing fee before dismissal, and dismissing the case without prejudice).

respond. Because Plaintiff has willfully misrepresented his financial situation in bad faith and failed to comply with a court order, dismissal with prejudice is appropriate.

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED**. It is further **RECOMMENDED** that this case be **DISMISSED with prejudice** as the allegation of poverty is untrue and filed in bad faith, as malicious, and for failure to comply with a court order. The dismissal should count as a "strike" pursuant to 28 U.S.C § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida on October 7, 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).